## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ERIC J. MARTINEZ,

      Plaintiff,

vs.

BANK OF AMERICA, N.A.;
HOLLY O'NEILL;
ALASTAIR BORTHWICK;
DANA MICHELLE STERN;
ROBERT JAY OROVITZ;
JASON SCOTT
DRAGUTSKY; JOEL
PHILLIP MAGDOVITZ;
HAYT, HAYT, & LANDAU,
P.L.; JENNIFER CRUZ
MESA; SHERRY TUTTLE;
and SHANNON ZELENIAK,

      Defendants.

Case No.
6:25-cv-235-CEM-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court without argument on the motion to dismiss filed by Defendants Alastair Borthwick, Holly O'Neill, and Bank of America. Dkt. 55. Plaintiff has not filed a response in opposition, and the time to do so has expired. *See* Local Rule 3.01(c) (setting a 21-day period to respond to motions to dismiss and stating "[i]f a party fails to timely respond, the motion is

subject to treatment as unopposed"). On May 23, however, Plaintiff filed a Motion to Strike the Motion to Dismiss. Dkt. 57. I respectfully recommend the Court construe Plaintiff's motion to strike as a response to the motion to dismiss. Upon consideration, I recommend that the Court grant Defendants' motion to dismiss for the reasons stated below.

## I.   BACKGROUND

*Pro se* Plaintiff, Eric Martinez, filed this lawsuit asserting claims under the Fourteenth Amendment to the Constitution of the United States, the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), the Gramm-Leach-Bliley Act ("GLBA"), the Truth in Lending Act ("TILA"), 42 U.S.C. § 1983, and claims for what Plaintiffs says are violations of the Uniform Commercial Code §§ 3-501(b)(2), 4-401, and 4-302, "fraud upon the Court," and "fiduciary breach and unauthorized withdrawal." Dkt. 13.

The allegations in the Complaint are vague and enigmatic, but Plaintiff alleges that Defendants—including Bank of America and possibly some of the individual Defendants—"engaged in unlawful credit reporting, unauthorized account closures, and unconsented withdrawals from Plaintiff's custodial account." Dkt. 13 at 3. Plaintiff alleges that some of the Defendants violated fiduciary duties owed to him by "retaliatory and fraudulent conduct" and that they "aided and abetted [some] fraudulent scheme." *Id.* at 4–5. Plaintiff then alleges certain lawyers engaged in debt collection practices of

certain unknown misconduct (*Id.* at 6), and judicial assistants of violated his Constitutional rights (*Id.* at 6–7).

While some Defendants—Hayt, Hayt, & Landau, P.L., and Jennifer Cruz Mesa, Jason Scott Dragutsky, Joel Phillip Magdovitz, Robert Jay Orovitz, and Dana Michelle Stern—appeared through counsel and filed answers and affirmative defenses (Dkts. 28, 41), Bank of America and Defendants Borthwick and O'Neill filed the instant Motion. Dkt. 55. The mater has been referred to me for a Report and Recommendation and is ripe for review.

## II.  LEGAL STANDARDS

### A.    Failure to State a Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Although a court must accept as true well pleaded allegations, it is not bound to accept a legal conclusion couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). A pleading must contain "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. For purposes of this analysis, exhibits attached to the complaint are "part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see also Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

## B.    Liberal Construction

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. *Pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. *Nawab v. LVNV Funding LLC*, No. 5:12-cv-129, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012).

## III.    ANALYSIS

I recommend dismissing the entire Amended Complaint as a shotgun pleading and giving leave to amend. As such, I do not reach the ultimate merits of Plaintiff's substantive claims. But because Plaintiff cannot establish claims against Defendants Tuttle and Zeleniak, I recommend dismissing those claims with prejudice.

### A.    Shotgun Pleading

Complaints that fail to comply with procedural rules "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Examples of shotgun pleadings include "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint[,]" a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and a complaint with "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov v. Amuial*, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (alteration in original). When faced with a shotgun pleading, dismissal may be appropriate. *Weiland*, 792 F.3d at 1320.

The Eleventh Circuit has repeatedly condemned shotgun pleadings. In fact, the Eleventh Circuit has acknowledged its "thirty-year salvo of criticism aimed at shotgun pleadings" and identified the above four categories of shotgun pleadings. *See Weiland*, 792 F.3d at 1321–23. Plaintiff's Complaint falls squarely into at least three of the four categories identified in *Weiland*, as it "contain[s] multiple counts where each count adopts the allegations of all proceeding counts, causing each successive count to carry all that came before

- 5 -

and the last count to be a combination of the entire complaint"; it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; and it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See id.* at 1321; *see also* Dkt. 13.

In other words, the Amended Complaint here does not clearly connect the alleged facts to the particular claims or causes of action listed and it fails to precisely parcel out and identify facts relevant to each of its claims. It also fails to separate into different counts the various causes of action asserted against each Defendant, thereby depriving Defendants of "adequate notice of the claims" asserted and the grounds supporting each question. *Weiland*, 792 F.3d at 1323.

As a result, the Court and Defendants face the onerous task of sifting through the Amended Complaint and its exhibits to determine which facts are relevant to each of the claims and as to which of the Defendants. This manner of pleading contravenes the mandate of the Federal Rule of Civil Procedure 8(a) that pleadings contain "short and plain" statements "showing that the pleader is entitled to relief" for the asserted claim. Fed. R. Civ. P. 8(a)(2). Because the Amended Complaint is altogether unacceptable, the Court should dismiss the Amended Complaint and require Plaintiff to replead. *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). If Plaintiff chooses to replead, the Court should direct

Plaintiff to ensure it clearly identifies the legal basis for each separate claim for relief—and to which Defendant they apply—and clearly delineate which factual allegations are relevant to each claim. Each claim should refer to only those factual allegations that are relevant to that claim. For instance, a claim for breach of fiduciary duty should identify the exact Defendant involved in the alleged breach, the exact factual allegations relevant to the alleged breach, and the circumstances of the alleged breach.

## B.    Claims against Defendants Tuttle and Zeleniak

Although Defendants Tuttle and Zeleniak have not appeared in the case, it is incumbent on the Court to recognize that Plaintiff cannot properly bring claims against them.[1] The Complaint does not make clear whether Plaintiffs sue Defendants Tuttle and Zeleniak in their official or individual capacities. Regardless, Plaintiff's federal claims against them, to the extent he has any, are barred.

### 1.    Individual Capacity

In general, absolute judicial immunity "applies to a [judicial officer][2] who dealt with the plaintiff in a judicial capacity and did not act in the 'clear absence of all jurisdiction.'" *Smith v. Shook*, 237

---

[1] Federal courts have an independent duty to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

[2] The doctrine of judicial immunity encompasses judicial assistants. *See in re Lickman*, 304 B.R. 897, 904 (M.D. Fla. 2004) (noting that from a policy perspective, the public is better served when immunity is extended to judicial assistants).

F.3d 1322, 1325 (11th Cir. 2001) (per curiam (quoting *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986)). Judicial immunity "applies even when the [judicial officer's] acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam). Courts look to several factors to determine whether a [judicial officer's] actions were made while acting in his/her judicial capacity: "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam).

None of the acts alleged in the Amended Complaint can be construed to infer that Defendants Tuttle and Zeleniak acted in the clear absence of all jurisdiction. Defendants allegedly "ignored repeated requests for hearings," and allegedly gave selective procedural preference to opposing counsel and parties. Dkt. 13 at 12. The acts complained of on behalf of Defendants Tuttle and Zeleniak were judicial functions in open court or in chambers and concerned cases before the judges they each worked for. Simply stated, Defendants actions were all a part of the normal judicial process. Thus, Plaintiff's claims, to the extent they allege actions taken by Defendants Tuttle and Zeleniak in their individual capacities, should be dismissed with prejudice because they are barred under the doctrine of judicial immunity.

### 2.    Official Capacity Claims

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 156–66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). To the extent Plaintiff seek monetary damages against these Defendants in their official capacity, those claims are barred. Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. 42 U.S.C. § 1983. The definition of "person" does not encompass states or state entities sued in their official capacities for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Thus, section 1983 does not permit Plaintiff's federal claim for monetary damages against Defendants. And so, I respectfully recommended that, to the extent Plaintiff's claims are against Defendants Tuttle and Zeleniak in their official capacities, those claims must be dismissed with prejudice.

### C.    Resources for Litigants Without Lawyers

Plaintiff may visit the Court's website (www.flmd.uscourts.gov) for resources for unrepresented litigants, including a form for a civil complaint and a *Guide for Proceeding Without a Lawyer*. Plaintiff may also get a copy of the *Guide* at the clerk's office. In addition, the Orlando Chapter of the Federal Bar Association operates a Legal Information Program that affords litigants proceeding in federal court without lawyers an opportunity to meet with lawyers to ask general questions about procedures

governing cases in federal court. More information about the program, including instructions about how to schedule an appointment, is available on the Court's website at https://www.flmd.uscourts.gov/legal-information-program.

## IV. RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court:

1.      **GRANT** Defendants' Motion to Dismiss (Dkt. 55);

2.      **DISMISS** Plaintiff's Amended Complaint (Dkt. 13) as a shotgun pleading;

3.      **DISMISS with prejudice** the claims against Defendant Sherry Tuttle and Shannon Zeleniak;

4.      **GRANT** Plaintiff leave to amend his complaint in accordance with this Report and Recommendation; and

5.      **DENY AS MOOT** Plaintiff's [60] Motion for Clerk's Entry of Default against Defendant Sherry Tuttle and Shannon Zeleniak.

### <u>Notice to Parties</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United

States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

ENTERED in Orlando, Florida, on June 30, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Carlos E. Mendoza

Eric J. Martinez
1201 Medina Avenue NW
Palm Bay, FL 32907

Counsel of record