UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC J. MARTINEZ,

        **Plaintiff,**

v.                                  **Case No. 6:25-cv-235-CEM-RMN**

BANK OF AMERICA, N.A,
HOLLY O'NEILL, ALASTAIR
BORTHWICK, DANA
MICHELLE STERN, ROBERT
JAY OROVITZ, JASON SCOTT
DRAGUTSKY, JOEL PHILLIP
MAGDOVITZ, HAYT, HAYT &
LANDAU, P.L., and JENNIFER
CRUZ MESA,

        **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motions to Dismiss ("Motions," Doc. Nos. 91 & 92). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 161), recommending that the Motions be granted and granted in part and denied in part.[1] Plaintiff filed Objections to the R&R (Doc. 166), to which Defendants filed Responses (Doc. Nos. 168 & 169).

_____

[1] The Magistrate Judge issued a separate Report and Recommendation regarding the Case Management Report (Doc. 146), which will be deemed moot as a result of this Order.

## I.    BACKGROUND

The background of this case is set forth in the R&R, and Plaintiff does not object to that recitation. Therefore, it is incorporated herein by reference. Generally, Plaintiff alleges that Defendants acted improperly with respect to reporting and collection activities related to certain consumer credit accounts. In doing so, Plaintiff claims that Defendants operated pursuant to a common plan and misused state judicial processes. Plaintiff asserts federal claims based on the Fair Debt Collection Practices Act (Count I), the Electronic Fund Transfer Act (Count II), the Fair Credit Reporting Act (Count III), the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count XIV), 42 U.S.C. § 1983 (Count XV), and the Declaratory Judgment Act 28 U.S.C. § 2201 (Count XVI). (Third Am. Compl., Doc. 84, at 46–127). Plaintiff also brings claims under Florida statutory and common law. (*Id.*).

Defendants move to dismiss Plaintiffs' claims and allege that the Third Amended Complaint is a shotgun pleading and fails to state a claim for relief. (*See generally* Doc. Nos. 91 & 92). The R&R first determined that the Third Amended Complaint was not a shotgun pleading. (Doc. 161 at 7–8). Then it considered each of Plaintiff's federal claims and the exhibits submitted in support thereof and found that the claims failed to state a claim for relief and recommended that they be dismissed with prejudice. Further the R&R recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss them pursuant to 28 U.S.C. § 1367(c)(3). (*Id.* at 27).

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.    ANALYSIS

Plaintiff's first Objection argues that because the R&R concluded that the Third Amended Complaint was not a shotgun pleading, it was an error to recommend dismissal with prejudice. (Doc. 166 at 3). This is incorrect. A complaint may be dismissed with prejudice when further amendment is futile. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." *Id.* (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Plaintiff does not object to the R&R's finding that for each federal cause of action, amendment would be futile. Moreover, Plaintiff has already been given three opportunities to amend the complaint in this action. (*See* Am. Compl., Doc. 13; Second Am. Compl., Doc. 70; Doc. 84). There is no indication that a fourth opportunity would lead to a

different result. Because amendment would be futile, this Objection will be overruled.

Plaintiff's second Objection alleges that the R&R did not expressly analyze his fraud-based claims under Rule 9(b) of the Federal Rules of Civil Procedure. (Doc. 166 at 4). This Objection is made generally, and Plaintiff does not specify what fraud-based claims the R&R failed to evaluate under Rule 9(b). Notably, the R&R evaluated Plaintiff's RICO claim in accordance with Rule 9(b). (Doc. 161 at 22–23).

It appears that Plaintiff believes alleging that a pleading complies with Rule 9(b) is sufficient to comply with Rule 9(b)—this is not the case. (*See* Doc. 166 at 3). Rule 9(b) requires plaintiffs alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiffs must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997). As explained by the R&R, the Third Amended Complaint does not include "facts that show *each* defendant's specific intent to defraud, how *each* defendant would benefit from the alleged fraud, and *how* plaintiff was misled or defrauded by any of the defendant's specific actions." (Doc. 161 at 22). Thus, this Objection will also be overruled.

Plaintiff's final Objection argues that dismissal with prejudice is improper given the procedural posture of this case. (Doc. 166 at 5–6). Plaintiff claims the R&R relied on factual assumptions and the absence of evidentiary development in reaching its conclusion, even though the case was at the pleading stage and discovery had not yet been conducted. (*Id.* at 4–6). However, courts routinely grant motions to dismiss before discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (explaining that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins").

In evaluating a motion to dismiss, courts typically consider only the complaint and the exhibits attached to the complaint. *Kuchenmeister v. HealthPort Techs.*, LLC, 753 F. App'x 794, 796 (11th Cir. 2018). When "the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Additionally, courts can consider exhibits attached to a motion to dismiss if they are "central to the plaintiff's claim" and "authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

The R&R reviewed Plaintiff's Third Amended Complaint, the attached exhibits, and two documents attached to a Motion to Dismiss that were central to Plaintiff's claims. (Doc. 161 at 18–19). As explained above, considering these exhibits and documents was not improper. Further, although Plaintiff alleges that the

R&R improperly relied on factual assumptions and the absence of evidentiary development in reaching its conclusion, Plaintiff does not point the Court to any instances where this occurred. This Objection will be overruled.

Plaintiff's federal claims fail to state a claim for relief and will be dismissed with prejudice. In light of this, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). However, because Plaintiff's state law claims were not evaluated on the merits, those claims will be dismissed without prejudice. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296–97 (11th Cir. 2018) (explaining that when a court declines to exercise supplemental jurisdiction over state law claims "it usually should do so without prejudice as to refiling in state court").

## IV.   CONCLUSION

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 166) are **OVERRULED**.

2. The Report and Recommendation (Doc. 161) is **ADOPTED as modified herein** and made a part of this Order.

3. The Motions to Dismiss (Doc. Nos. 91 & 92) are **GRANTED in part and DENIED in part**.

   a. The federal claims in Plaintiff's Third Amended Complaint are

      **DISMISSED with prejudice**.

    b. The state claims in Plaintiff's Third Amended Complaint are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367(c)(3).

    c. The Motions are otherwise **DENIED**.

4. The Report and Recommendation regarding the Case Management Report (Doc. 146) is **DEEMED MOOT**.

5. The Clerk is directed to close the case.

    **DONE** and **ORDERED** in Orlando, Florida on March 12, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party